IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DANNY HILL,** | : CIVIL ACTION NO. 3:21-CV-1036 |
| Plaintiff | : (Judge Conner) |
| v. | : |
| **KALAHARI RESORTS PA, LLC,** | : |
| Defendant | : |

### MEMORANDUM

Plaintiff Danny Hill moves to remand this action to the Monroe County Court of Common Pleas. Hill argues that the court lacks subject matter jurisdiction under 28 U.S.C. § 1332(a) and that defendant Kalahari Resorts PA, LLC ("Kalahari"), has not met the requirements for removal under 28 U.S.C. § 1446. Kalahari opposes this motion. For the reasons that follow, we will grant Hill's motion.

### I. Factual Background & Procedural History

Danny Hill, a New York resident, brings this action against Kalahari, a Delaware limited liability company. (See Doc. 1-1 ¶ 1; Doc. 1 ¶ 4). Kalahari's principal place of business is in Wisconsin Dells, Wisconsin, but it operates a resort located in Monroe County. (See Doc. 1 ¶ 4; Doc. 1-1 ¶ 8). Hill avers he was a business invitee at the resort when he slipped and fell on ice and snow on the property's sidewalk. (See Doc. 1-1 ¶¶ 8-9). The fall caused injuries to Hill's wrist, knee, and back. (Id. ¶¶ 9, 12). Hill underwent surgery for his broken wrist and continues to receive medical evaluations and treatment for his injuries. (See id. ¶¶

12-13). As a result, he has been unable to proceed with his daily routines and has incurred costs related to his treatment. (See id. ¶¶ 14-15).

On May 18, 2021, Hill filed this premises-liability action in the Monroe County Court of Common Pleas, alleging that Kalahari was negligent for failing to remove the snow and ice on the sidewalk of its premises. (Id. ¶¶ 10, 17). Kalahari filed a notice of removal on June 11, 2021, and invoked this court's diversity jurisdiction. (See Doc. 1 ¶¶ 12, 16-17). Hill now moves to remand this case to state court for lack of subject matter jurisdiction. (See Doc. 6). The motion has been fully briefed and is ripe for review.

## II. Legal Standard

Under 28 U.S.C. § 1441, a defendant may remove an action brought in state court to federal district court when the claims fall within the federal court's original jurisdiction. See 28 U.S.C. § 1441(a). A plaintiff may challenge removal for lack of jurisdiction by moving to remand the matter to state court. See id. § 1447(c). Such motions may be filed at any time before final judgment is entered. Id. If the district court indeed lacks subject matter jurisdiction, it must remand to the state court from which the action was removed. Id. Statutes permitting removal "are to be strictly construed against removal and all doubts should be resolved in favor of remand." Manning v. Merrill Lynch Pierce Fenner & Smith, Inc., 772 F.3d 158, 162 (3d Cir. 2014) (quoting Brown v. Jevic, 575 F.3d 322, 326 (3d Cir. 2009)).

As the party asserting jurisdiction, defendant bears the burden of proving that the matter is properly before the federal court. See Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007) (citations omitted); Steel Valley Auth. v. Union

Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987) (same)).  To invoke diversity jurisdiction, a defendant must establish that the matter is between citizens of different states and that the amount in controversy, exclusive of interest and costs, exceeds $75,000.  See 28 U.S.C. § 1332(a).

### III.    Discussion

Hill alleges removal was improper because Kalahari failed to (1) attach a copy of the summons to its notice of removal, (2) establish complete diversity between the parties, and (3) prove the amount in controversy exceeds the $75,000 jurisdictional threshold.  (See Doc. 7 at 5-11).  We find dispositive Kalahari's failure to prove the amount in controversy, and thus do not address the issues of defective removal and complete diversity.

The party invoking a federal court's diversity jurisdiction must establish that the amount in controversy exceeds $75,000, excluding interest and costs.  See 28 U.S.C. § 1332(a); Lincoln Benefit Life Co. v. AEI Life, LLC, 800 F.3d 99, 105 (3d Cir. 2015).  Ordinarily, the court determines the amount of controversy by looking at the sum demanded in the complaint.  See 28 U.S.C. § 1446(c)(2); Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 84 (2014).  However, when state practice prohibits a plaintiff from demanding a specific sum, the amount in controversy is determined by the amount asserted in the notice of removal.  See 28 U.S.C. § 1446(c)(2)(A)(ii); Dart Cherokee, 574 U.S. at 84.[1]

---

[1] The Pennsylvania Rules of Civil Procedure prohibit Hill from requesting a sum certain.  See PA. R. CIV. P. 1021(b).

3

Absent a challenge from the plaintiff, the court accepts the amount asserted in the notice of removal.  See Dart Cherokee, 574 U.S. at 87.  However, if the plaintiff challenges the amount claimed, both sides submit proof, and the court determines whether the defendant has established, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold.  See id. at 88.

A defendant must make a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold" in its notice of removal.  See Dart Cherokee, 574 U.S. at 89.  Evidence establishing the amount in controversy is required "only when the plaintiff contests, or the court questions, the defendant's allegation."  Id.  The alleged amount in controversy must be objective and realistic, "not based on fanciful, 'pie-in-the-sky,' or simply wishful amounts."  Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 403 (3d Cir. 2004).  The court considers the circumstances at the time of the complaint's filing, and does not evaluate later events that alter the amount in controversy.  See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 293 (1938); Auto-Owners Ins. Co. v. Stevens & Ricci Inc., 835 F.3d 388, 395 (3d Cir. 2016) (citation omitted).  Settlement offers, for example, are considered subsequent events with "no relevance to the amount in controversy at the time the complaint was filed."  See McCollum v. State Farm Ins. Co., 376 F. App'x 217, 220 (3d Cir. 2010) (nonprecedential); see also Evans v. Zhang, No. CV 17-3801, 2017 WL 4547912, at *3 (E.D. Pa. Oct. 12, 2017) (settlement demand not proof of amount in controversy, as parties often strategically inflate such

demands). The court may, however, consider post-removal allegations on whether "the required amount was or was not in controversy at the commencement of the action." Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217-18 (3d Cir. 1999) (quoting State Farm Mut. Auto. Ins. Co. v. Powell, 87 F.3d 93, 97 (3d Cir. 1996)).

The court measures the amount in controversy not by "the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993). At the same time, a plaintiff's complaint may expressly allege that damages are less than the jurisdictional amount. See Red Cab Co., 303 U.S. at 294. When the plaintiff does not expressly limit his damages, a defendant may not establish the amount in controversy solely by arguing that the plaintiff failed to do so. See Vizant Techs., LLC v. Ocean State Jobbers, Inc., No. CIV.A. 14-6977, 2015 WL 500480, at *2-3 (E.D. Pa. Feb. 5, 2015); Congregation of Beth Israel of Mahanoy City v. Congregation Eitz Chayim of Dogwood Park, No. 3:16-CV-1671, 2017 WL 3392353, at *4 (M.D. Pa. Aug. 7, 2017); Dorley v. Save-A-Lot, No. 16-CV-4510, 2016 WL 6213074, at *3 (E.D. Pa. Oct. 25, 2016). Additionally, general averments that a plaintiff suffers severe injuries do not satisfy the defendant's burden of proof. See Scaife v. CSX Transp., Inc., No. 3:19-CV-60, 2019 WL 3353727, at *6 (W.D. Pa. July 7, 2019) (citation omitted); Dorley, 2016 WL 6213074 at *3. In sum, if the court is forced to "guess at whether the jurisdictional threshold has been met, then the defendant has not proved its point." Vizant Techs., 2015 WL 500480, at *3 (citation omitted).

5

In the matter *sub judice*, a reasonable reading of the complaint reveals that Hill requests damages due to a slip and fall while present on Kalahari's property. (See Doc. 1-1 at 8). The complaint does not contain a request for punitive damages or attorney's fees, but does request damages "in excess of $50,000." (See id.) Kalahari's briefing on the amount-in-controversy question is long on argument and short on proof. (See generally Doc. 8). Indeed, Kalahari does not submit any evidence beyond its own *ipse dixit* that the amount exceeds $75,000. Cf. Dart Cherokee, 574 U.S. at 89. It simply speculates that the Hill's damages "would logically appear" to exceed $75,000. (See Doc. 1 ¶ 17; Doc. 8 at 5-8).

Contrary to Kalahari's assertions, Hill's refusal to cap his damages does not prove that the amount in controversy has been met. See Vizant Techs, 2015 WL 500480, at *2-3; Congregation of Beth Israel, 2017 WL 3392353, at *4. Nor is Hill's general averment of "severe injuries" dispositive. See Scaife, 2019 WL 3353727, at *6; Dorley, 2016 WL 6213074, at *3. Kalahari argues Hill's counsel "indicated . . . that [Hill's] damages well exceed $75,000." (See Doc. 8 at 8). But settlement offers or demands need not be considered by this court. See McCollum, 376 F. App'x at 220. Kalahari also has not submitted evidence of any demand, or addressed how such a demand goes beyond strategy to demonstrate the value Hill places on his rights. See Evans, 2017 WL 4537912, at *3.

Kalahari's briefing rests on two incorrect premises. First, Kalahari erroneously asserts that it is Hill's burden to prove, to a legal certainty, that his

damages could not exceed $75,000. (See Doc. 8 at 7). Kalahari argues that remand is proper only if Hill can prove "to a legal certainty that [he] cannot recover the jurisdictional amount." (See id.) However, a different standard of proof applies to a diversity action in which the plaintiff contests the defendant's alleged amount in controversy. See Dart Cherokee, 574 U.S. at 88. As the party asserting federal jurisdiction, it is Kalahari's burden to prove that the amount in controversy exceeds the jurisdictional threshold. See Frederico, 507 F.3d at 193; Steel Valley Auth., 809 F.2d at 1010. Because Hill contests the amount alleged in the notice of removal, Kalahari must establish this amount by a preponderance of the evidence. See Dart Cherokee, 574 U.S. at 88.

      Kalahari also asserts that the amount in controversy has been met because Hill alleges severe and permanent injuries, in addition to lost wages. (See Doc. 8 at 8). Kalahari cites principally to a nonbinding district court case from 1997 to support its argument. See Garofalo v. Medtronic, Inc., No. 97-CV-1655, 1997 WL 1049566 (D. N.J. June 17, 1997); (see also Doc. 8 at 7; Doc. 8-5). Kalahari's reliance on Garofalo is inapposite for several reasons. Principally, Garofalo concerned the timeliness of removal rather than the amount-in-controversy. See id. at *2. Moreover, Garofalo is considered an outlier by more recent intra-circuit opinions. See, e.g., Sayani v. Whole Foods Mkt., No. CV 18-17149, 2019 WL 4463369, at *4 (D.N.J. Sept. 18, 2019). Finally, Garofalo can be distinguished from this case in its reasoning and its facts. The court in Garofalo considered the severity of the injuries to determine whether there was sufficient notice that the claim "*could* reasonably exceed $75,000."

7

Garofalo, 1997 WL 1049566, at *5 (emphasis added). However, when amount in controversy is at issue, the question is not whether the jurisdictional threshold could be met, but whether the party asserting jurisdiction has actually established the amount by a preponderance of evidence. See Dart Cherokee, 574 U.S. at 88. Hill's claimed injuries in the matter *sub judice* also pale in comparison to those of the plaintiff in Garofalo, who alleged "permanent loss in the use of a body organ," and "permanent consequential limitation of a body function or system" due to a defective pacemaker. See Garofalo, 1997 WL 1049566 at *1. Hill's claim arises from a slip-and-fall accident, which resulted in surgery for his broken wrist. (See Doc. 1-1 ¶¶ 12-13). Lastly, Kalahari does not submit any evidence that the severity of Hill's injuries demonstrates that the amount in controversy exceeds $75,000. Cf. Sharawi v. WWR Premier Holdings, LLC, No. 19-CV-5133, 2020 WL 93942, at *4 (E.D. Pa. Jan. 7, 2020) (medical records established amount in controversy).

At bottom, the court is left guessing about whether $75,000 is a "reasonable reading" of the value of the rights being litigated. See Angus, 989 F.2d at 146; Vizant Techs., 2015 WL 500480, at *3. As a result, Kalahari has not proven by a preponderance of evidence that the value of Hill's complaint exceeds the jurisdictional threshold. See 28 U.S.C. § 1446(c)(2)(B); Dart Cherokee, 574 U.S. at 88. Strictly construing 28 U.S.C. § 1446 and resolving all doubts in favor of remand, we find that Kalahari has not met its burden to

establish the amount in controversy.

### IV.     Conclusion

We will grant Hill's motion (Doc. 6) to remand based on a lack of subject matter jurisdiction.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     November 23, 2021